**Jerry Edmon FORDYCE, Plaintiff,**

**v.**

**CITY OF SEATTLE, et al., Defendants.**

**No. C92–75WD.**

United States District Court,
W.D. Washington.

Dec. 5, 1995.

James E. Lobsenz, Carney Badley Smith & Spellman, Seattle, WA, for plaintiff.

Anne Melani Bremner, Stafford, Frey, Cooper & Stewart, Seattle, WA, for defendants.

Marshall J. Nelson, Davis Wright Tremaine, Seattle, WA, Michael E. Kipling, Graham & Dunn, Seattle, WA, and James Kendrick Pharris, Attorney General's Office, Olympia, WA, for amici.

## ORDER DIRECTING ENTRY OF JUDGMENT

DWYER, District Judge.

Plaintiff Jerry Edmon Fordyce sued the City of Seattle and eight of its police officers on a variety of Section 1983 and state law claims alleging police misconduct during and after his videotaping of a public demonstration on August 5, 1990. This court granted summary judgment dismissing all claims with one exception: Fordyce had been arrested for allegedly violating a Washington statute, RCW 9.73.030, which makes it unlawful to record a "private conversation" without first obtaining the consent of all those taking part in it. He sought, in addition to damages, an order enjoining the defendants from applying the statute to arrest or prosecute persons who record communications in public places with readily apparent video or recording devices. At the court's invitation three amicus curiae briefs were filed on that subject, including one by the Attorney General of the State of Washington. Finding that declaratory relief would be less intrusive than an injunction, and that no injunction was necessary, the court entered judgment declaring that RCW 9.73.030 does not prohibit the recording of a conversation held in a public street, in voices audible to passersby, by the use of a readily apparent device. Fordyce was awarded attorney fees (equal to twenty percent of his request) under 42 U.S.C. § 1988. *Fordyce v. City of Seattle*, 840 F.Supp. 784 (W.D.Wash.1993); Order on Plaintiff's Motion for Award of Attorney Fees and Expenses, Oct. 14, 1993 (Dkt. # 131).

On appeal, the Ninth Circuit held this to be a case in which the constitutionality of a state statute "is drawn into question" within the meaning of 28 U.S.C. § 2403(b). Washington's participation as amicus curiae was held to be insufficient; the declaratory judgment and related attorney fee order were therefore vacated. The Court of Appeals reversed the grant of summary judgment to Officer Elster on Fordyce's assault and battery and Section 1983 claims, and vacated the grant of summary judgment as to the City's alleged vicarious liability for Fordyce's state law tort claims against Officer Elster. The other trial court rulings were affirmed. *Fordyce v. City of Seattle*, 55 F.3d 436 (9th Cir.1995).

In accordance with the mandate, this court on July 6, 1995, issued a certification under 28 U.S.C. § 2403(b) to the Attorney General of the State of Washington (Dkt. # 143). The State of Washington filed a response declining to intervene, noting that the original judgment "was consistent with the observations of the Attorney General participating as an amicus curiae," and concluding:

> If the Court decides that it should grant declaratory relief, the Court should reaffirm the interpretation of RCW 9.73.030 made in its previous Order on Motions for Summary Judgment, because that inter-

pretation is consistent with state court decisions on the subject and renders it unnecessary to reach the constitutionality of the statute in question.

Washington State Attorney General's Response to Certification Under 28 U.S.C. § 2403(b) (Dkt. # 145).

The parties have now jointly moved for the entry of judgment as follows: The declaratory judgment issue will be decided on plaintiff's renewed motion for partial summary judgment seeking that relief, which is unopposed; a consent judgment of $1500 will be entered for plaintiff and against defendants Elster and City of Seattle on the assault and battery claim; plaintiff will file a post-judgment motion for an award of attorney fees and costs under 42 U.S.C. § 1988; and no party will appeal the court's ruling on the motion for fees and costs (Dkt. # 172). The joint motion for entry of judgment was granted on November 28, 1995 (Dkt. # 173).

Accordingly, it is ordered that judgment now be entered as follows:

1. Plaintiff is awarded a declaratory judgment against defendants establishing that RCW 9.73.030 does not make criminal the recording of conversations held in a public street, in voices audible to passersby, by the use of a readily apparent device.

2. On his claim for assault and battery, plaintiff has a consent judgment in the amount of $1500 against defendants City of Seattle and Tyler Elster.

3. Defendants have judgment as to plaintiff's other claims for damages and for an injunction.

4. Plaintiff will recover his taxable costs.

Plaintiff Fordyce's motion for an award of attorney fees and costs will be due on December 14, 1995.